UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:17-cv-00165-MOC-DLH

| | |
|---|---|
| **ANTHONY RAY BAILEY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **NANCY A. BERRYHILL,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on plaintiff's (#15) and defendant's (#17) cross Motions for Summary Judgment. The matter is ripe for review. Having carefully considered each motion and reviewed the pleadings, the court enters the following findings and Order.

**FINDINGS AND CONCLUSIONS**

**I.    Administrative History**

Plaintiff filed an application for Title II Disability Adult Child Benefits on October 25, 2013, and Title XVI Supplemental Security Income Benefits on September 24, 2013. (Tr. 13, 196, 200). Plaintiff alleged an onset date of September 23, 2013. (Tr. 196, 200, 218). Plaintiff had not attained the age of twenty-two as of his alleged onset date of September 23, 2013. (Tr. 15). The Commissioner denied plaintiff's applications initially on July 18, 2014, (Tr. 123), and upon reconsideration on October 14, 2014, (Tr. 131). At plaintiff's request, Administrative Law Judge Daniel J. Stein ("the ALJ") held a hearing on his claims on October 6, 2016. (Tr. 158, 165, 191).

After considering the hearing testimony and the evidence of record, on February 17, 2017, the ALJ issued a written decision finding that plaintiff was not disabled within the meaning of the

Social Security Act ("the Act"). (Tr. 10). The Appeals Council subsequently denied plaintiff's request for review, (Tr. 1), rendering the ALJ's decision the final decision of the Commissioner. Having exhausted his administrative remedies, plaintiff commenced this action under 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## II. Factual Background

The court adopts and incorporates the ALJ's factual findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 390.

Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. Hays, 907 F.2d at 1456. The Fourth Circuit has explained substantial evidence review as follows:

> the district court reviews the record to ensure that the ALJ's factual findings are supported by substantial evidence and that its legal findings are free of error. If the reviewing court decides that the ALJ's decision is not supported by substantial evidence, it may affirm, modify, or reverse the ALJ's ruling with or without remanding the cause for a rehearing. A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence.

If the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.

Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (internal citations and quotations omitted).

## IV. Substantial Evidence

### A. Introduction

The court has read the transcript of plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the relevant exhibits contained in the extensive administrative record. The issue is not whether the court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the ALJ is supported by substantial evidence. Here, the court finds that the ALJ's decision was supported by substantial evidence, and it will thus be affirmed.

### B. Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under the Social Security Act pursuant to the following five-step analysis:

a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;
b. An individual who does not have a "severe impairment" will not be found to be disabled;
c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;
d. If, upon determining residual functional capacity ("RFC"), the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;
e. If an individual's RFC precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 416.920(a)-(f). The burden of proof and production during the first four steps of the inquiry rests on the claimant. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. Id.

### C. The Administrative Decision

At step one of the sequential evaluation, the ALJ found that plaintiff has not engaged in substantial gainful activity since September 23, 2013, the alleged onset date. (Tr. 15). At step two, the ALJ found that plaintiff has the following severe impairments: cardiac dysrhythmia disorder and obesity. (Tr. 15). At step three, the ALJ found that none of plaintiff's medically determinable impairments, singly or in combination with each other, meet the severity of an impairment in the Listing. (Tr. 13-14).

Then, before step four, the ALJ found that plaintiff had the residual functional capacity ("RFC") to perform sedentary work, with the following exceptions and restrictions:

> claimant is able to lift no more than ten pounds occasionally and frequently. The claimant can stand/walk for up to four hours and sit for up to six hours in an eight-hour workday. The claimant can never claim ladders, ropes, or scaffolds. The claimant can occasionally climb ramps and stairs and occasionally balance, stoop, kneel, crouch, and crawl. The claimant must avoid concentrated exposure to respiratory irritants (i.e., fumes, odors, dusts, gases, and areas with poor ventilation) and hazardous conditions (i.e., unprotected heights and dangerous, moving machinery). The claimant is limited to performing unskilled work.

(Tr. 17-18).

At step four, the ALJ found that plaintiff's RFC prevents plaintiff from performing any past relevant work. (Tr. 22). At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that plaintiff could have performed, including Cuff Folder (DOT# 685-687-014), Egg Processor (DOT# 559-687-034), and Nut Sorter (DOT# 521-687-086).

(Tr. 22-23). As a result, the ALJ concluded that plaintiff was not disabled within the meaning of the Act from the alleged onset date, September 23, 2013, through the date of the decision, February 27, 2017. (Tr. 23).

**D. Discussion**

The court has closely read plaintiff's memorandum (#16) supporting her Motion for Summary Judgment (#15). Plaintiff argues that the ALJ failed to properly account for plaintiff's mild limitations in interacting with others, his mild limitations in concentration, persistence, or pace, and mild limitations in adapting or managing oneself in the RFC. To support this contention, plaintiff argues: the ALJ considered plaintiff's mental impairments at steps two and three, yet failed to analyze these same mental impairments in the RFC analysis before step four; the ALJ erred in limiting him to unskilled work without any further restrictions, or alternatively, erred by failing to explain his reasoning for not including such restrictions; and that Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), supports his contentions. The court will consider each allegation in turn.

*a. The ALJ's RFC analysis*

First, plaintiff asserts that at steps two and three the ALJ considered plaintiff's mental impairments, yet failed to analyze these same mental impairments in the RFC analysis before step four. Plaintiff notes that the analysis of the four broad functional areas in step two is not a RFC assessment, and that the RFC assessment requires a more detailed assessment. Plaintiff argues there is no discussion of plaintiff's specific mild limitations in the RFC analysis before step four, which constitutes reversible error.

However, this is not the case, as the ALJ determined the RFC based on relevant evidence of both plaintiff's severe physical impairments and his non-severe mental impairments. (Tr. 17-

22). Indeed, the ALJ considered "all of the relevant medical and other evidence" to determine the impact, if any, of plaintiff's alleged mental health symptoms on his ability to perform work activities, including the same evidence and mild limitations that the ALJ considered at steps two and three. 20 C.F.R. §§ 404.1529, 404.1545(a)(3). Specifically, the ALJ thoroughly considered plaintiff's non-severe mental conditions, including the medications plaintiff was taking for his depression and anxiety, the side effects of the medications, the fact that plaintiff received no mental health treatment, the opinions from the doctors conducting plaintiff's psychological examination, as well as the results found during the examination. (Tr. 19-20). The ALJ went on to assign particular weight to each of the doctors' opinions, explaining why each opinion received such weight. (Tr. 18-22). As such, the ALJ's determination of plaintiff's RFC is supported by substantial evidence, Richardson, 402 U.S. at 390; Hays, 907 F.2d at 1456, and the court finds the ALJ did not commit reversible error on this basis.

### b. *ALJ's Failure to Further Restrict Plaintiff's Unskilled Work Limitation*

Further, plaintiff argues that the ALJ erred in limiting him to unskilled work without any further restrictions, or alternatively, erred by failing to explain his reasoning for not including such restrictions. However, the ALJ did in fact explain his reasoning for not including such restrictions. As stated in the ALJ's opinion:

> To determine the extent to which these limitations erode the unskilled sedentary occupational base, the [ALJ] asked the [VE] whether jobs exist in the national economy for an individual with the claimant's education, work experience, and [RFC]. The [VE] testified that given all those factors the individual would be able to perform the requirements of representative occupations…

(Tr. 22). The ALJ then determined that the VE's testimony was consistent with the information contained in the Dictionary of Occupational Titles ("DOT"). (Tr. 23). Thus, the ALJ explained his

reliance on the VE's testimony, which was consistent with the DOT. The ALJ's narrative also explicitly discussed plaintiff's allegations of symptoms, medication usage, daily activities, and so on, with the ALJ ultimately concluding that plaintiff's limitations were "no more than mild" and that "even taking into account any episodic and ostensible psychiatric symptoms" he could perform unskilled work without the additional limitations envisioned by plaintiff. (Tr. 20). As such, the ALJ's decision to limit plaintiff to unskilled work without further restriction is supported by substantial evidence, Richardson, 402 U.S. at 390; Hays, 907 F.2d at 1456, and the court finds the ALJ did not commit reversible error on this basis.

*c.  The Mascio Case as Support for Plaintiff's Contentions*

Additionally, plaintiff invokes Mascio, 780 F.3d 632, arguing the case supports his stance. Plaintiff contends that the Mascio court remanded plaintiff's claim or further consideration of the issue while stating that "perhaps the ALJ can explain why Mascio's moderate limitation in concentration, persistence or pace at step three does not translate into a limitation in Mascio's [RFC] . . . But because the ALJ gave no explanation, a remand is in order." Mascio, 780 F.3d at 638. Plaintiff contends that although his claim deals with "mild" instead of "moderate" limitations in the functional areas, such as the plaintiff in Mascio, the case nevertheless is consistent with his claim.

But in Mascio, the plaintiff's mental impairments were determined to be severe by the ALJ, and the plaintiff had "moderate" difficulties in maintaining her concentration, persistence, or pace. Id. at 635, 637. "Mild" difficulties are materially different from "moderate" difficulties, in that "mild" difficulties have little to no effect on a claimant's concentration, persistence, or pace and correspond to a finding that the difficulties do not significantly limit the claimant's mental abilities

to do basic work activities. See C.F.R. §§ 404.1520(a)(d)(1), 416.920(a)(d)(1). Here, plaintiff was found to have a "mild" impairment, not a "moderate" impairment.

Additionally, unlike Mascio, the ALJ here specifically considered plaintiff's alleged mental difficulties, discussed and analyzed the evidence and opinions related to his mental impairments, and explained the rationale for finding plaintiff could perform unskilled work. (Tr. 17-22). As such, the ALJ's findings are supported by substantial evidence, unlike in Mascio, and the case indeed does not support plaintiff's argument.

### E. Conclusion

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's complaint, the cross Motions for Summary Judgment, and accompanying memoranda. Review of the entire record reveals that the decision of the ALJ was supported by substantial evidence. See Richardson, 402 U.S. at 390; Hays, 907 F.2d at 1456. As this court finds that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson, 402 U.S. at 401, Plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

### ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Summary Judgment (#15) is **DENIED**, the Commissioner's Motion for Summary Judgment (#17) is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

Signed: August 16, 2018

Max O. Cogburn Jr
United States District Judge